**SATELE of Vailoa, Plaintiff**

**v.**

**AFOA of Taputimu, Defendant**

# No. 10-1932

## High Court of American Samoa

### Civil Jurisdiction, Trial Division

[Land: "Lagoe'e" part of land "Siumalo" in Tualatai County]

## Date unknown

E. C. JOHNSON, *Chief Justice;* and MULI, *Associate Judge*

### DECISION

This case came on to be heard in the High Court to determine the title to the land Lagoe'e, situated in Tualatai

County. This land was first offered for registration by Afoa on September 7, 1932,—an objection being filed by Satele thereto on November 2, 1932, in which he claimed all of the land offered by Afoa.

The former Chief Justice on the hearing of this case February 3rd, 1933 rendered a decision by way of default in Afoa's favor since Satele was not present to contest the case. At the time this case was heard there was certain evidence in the court's file from the medical inspector of the Western District that Satele was sick and therefore unable to be present. The former Chief Justice at that hearing indicated that any time within sixty days after the hearing of the said case and if Satele could show good cause to the Court, he could make his application to reopen the case and be heard upon testimony. It appears that Satele has made timely application for the rehearing of this case, and has paid the court costs amounting to $25.00 assessed against him at the original hearing of this case, and the said case was reopened and heard September 16, 1933 before the present Chief Justice.

The Court sat for one full day and heard the testimony of both sides of this case, and then at a subsequent date made a personal inspection of the property involved in the case at issue.

■ In this particular case, as in so many other cases involving land in American Samoa, there was no written record showing a positive title to either of the parties in question. Therefore it becomes necessary in order to find the best evidence of ownership, to find out who has been using the land in dispute for the past twenty years or more under a claim of right and without objection by other parties.

It appears from the evidence that Afoa is a man more than fifty years of age and that he has held the matai name Afoa for a period of more than twenty years. Evidence

adduced on the part of Afoa would indicate that he himself, together with his family, has had the exclusive use of the land in question ever since he has been the matai —Afoa. Afoa also introduce [sic] evidence tending to show that this land was used by his predecessor without any objection on the part of Satele and his family. Afoa and his witnesses further testified that he built houses on the land Lagoe'e and that copra which has been cut from this plantation had been weighed in the name Afoa and that all surplus copra receipts had been given to him. Afoa and his witnesses stated that they had never seen Satele or members of his family on this land during the last twenty years, although Satele and his family live in the adjoining village Vailoatai, which is quite near Taputimu, and the site of the land in question. Afoa lays claim to the land Lagoe'e, which is a part of the Siumalo tract, and also claims all of the extensive lands known as Siumalo.

To the contrary Satele and his witnesses testified just as strongly that he and members of his family had planted coconuts, taro and bananas on this land as late as 1930, and that they have been making use of the land surveyed by Afoa, or at least portions thereof for many years. Satele and his witnesses testified that they cut copra as late as 1933 on this land and that the copra was weighed in the name of Satele and that the excess copra receipt was turned over to Satele. Satele also testified that Lagoe'e is a part of the Seumalo tract and that the land Seumalo had been owned for more than one hundred years by Satele family. Satele also testified that the name Afoa belonged to the Satele family and that the name Afoa was given to the present Afoa as a matai name of the Satele family. Satele further testified that the materials for his family guest house built a few years ago came entirely from the land Lagoe'e and that Afoa knew that the said materials were

taken from the land Lagoe'e and that he made no objections to the use of the said materials. Satele testified that just outside of the boundaries of the land Lagoe'e, which was surveyed, Satele Taatofa was buried. Afoa admitted that Satele Taatofa's grave is on this land, but contends that this Satele was buried so long ago that this should not be a controlling feature in this case.

A personal inspection of the tract of land in dispute indicates that there are a few small fales, not in constant use, which have been built on this land by Afoa and his family. Inspection would seem to indicate that these fales were built for the purpose of convenience and accommodation of those who were working on the land Lagoe'e.

The Court would have no hesitancy in rendering a decision in favor of Afoa if the evidence was uncontradicted that Afoa and his predecessor had used the land in question for a period of twenty years or more without objection on the part of Satele. The Court does not feel justified in reaching this conclusion, however, because there is ample testimony indicating that this tract of land, Lagoe'e, had been used not only by Afoa in recent years, but has also been used by Satele and his family.

Satele and Afoa are members of a large family. Afoa claims the right as the matua to name Satele. To the contrary Satele claims the right to name Afoa. It is not necessary for the Court to decide this matter, however the mutual obligations of the two families and their rights and interests in the land have become confused during the passage of many years. It is therefore regretted that a settlement of this case could not have been made out of Court. Every opportunity was given the parties concerned to compose their difficulties and settle this matter. However, the parties reported their inability to effect such a settlement and the case was brought to the High Court for a decision.

■ ■ The Court does not favor the holding of large tracts of land by individual Samoans,—it is manifestly better for the interests of all the Samoans that land be more or less equally distributed among the respective matais in Samoa. In the present case however, it appears that the Satele family have had the pule of not only the tract Lagoe'e but the more inclusive tract Siumalo, for a period of more than one hundred years. Since there has not been any open and notorious possession on the part of the Afoa family for a period of twenty years or more without objection on the part of the Satele Family, the decision in this case must be in favor of Satele.

The Court is of the further opinion that the land Lagoe'e which has been contested belongs to Satele, but the fruits and products of a portion of that land might rightfully belong to Afoa. Satele has indicated his willingness in the testimony of this case to allow Afoa to receive the fruits and products from certain small plantations on this land, and although the Court cannot make an order directing Satele to do this, however, the Court believes Satele will permit Afoa to continue to use certain portions of this land for the benefit of Afoa and his family.

The decision previously given in this case in favor of Afoa is hereby reversed.

Judgment for Satele holding that the title of the land Lagoe'e is in him as the head of the Satele family. Costs of this case amounting to $50.00 is assessed one half against Satele—$25.00; and one half against Afoa—$25.00.